James Alton **HERRING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–00736–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1988.

Steven Wisch, Randy Schaffer, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before EARL W. SMITH, JACK SMITH and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of aggravated assault, found the enhancement allegation to be true, and assessed punishment at 10 years confinement and a fine of $1,000.

The complainant, Ruby Seamster, was a tenant in an apartment complex managed by the appellant. On July 5, 1987, shortly after 10:00 p.m., Seamster talked to appellant about moving from an efficiency to a one-bedroom apartment. Seamster then re-

turned to her apartment. At approximately midnight, appellant knocked on her door and asked her to come downstairs to discuss the apartment. Seamster declined, and appellant left.

Appellant returned at 2:00 a.m. and knocked on the door. When Seamster did not answer, he used his pass key to enter the apartment. Appellant pointed a pistol at Seamster's head and told her, "If you don't give me some, I'll shoot you with this gun." Seamster interpreted this remark to mean "sex." When appellant told her that he would shoot her, Seamster cried and begged him to leave, stating that she would call the police, whereupon appellant threatened to evict her. After she persisted, appellant left the apartment. Seamster then called the police.

■ In his first point of error, appellant contends that the trial court committed reversible error in refusing to grant a severance of the offenses alleged in the indictment.

The indictment here alleged both burglary of a habitation with the intent to commit sexual assault and aggravated assault. Prior to the commencement of testimony, the trial court denied appellant's written motion that the State be forced to elect between the burglary and the aggravated assault counts. After testimony concluded, the trial court instructed the jury on aggravated assault only. The court later dismissed the burglary count.

In *Ponder v. State*, 745 S.W.2d 372 (Tex. Crim.App.1988), the court held that the trial court did not err by overruling the defendant's motion to compel the State to elect in a multiple count indictment charging both aggravated sexual assault and aggravated robbery because both offenses arose out of the same criminal transaction. 745 S.W.2d at 374. The court held that the cases were misjoined but that reversible error arose only if harm was shown. 745 S.W.2d at 373–74.

Here, the two offenses were against the same victim, at the same location, at the same date and time. Thus, they arose out of the same criminal transaction. Generally, the State is not required to elect between offenses if the evidence shows that the offenses were committed as part of a single criminal transaction, *Ponder*, 745 S.W.2d at 374, and the defendant is convicted of only one offense. *Id.* Moreover, appellant was not harmed because evidence of the burglary was admissible to show the context in which the aggravated assault occurred. *See Sifford v. State*, 741 S.W.2d 440 (Tex.Crim.App.1987).

Finally, as we stated in *Mason v. State*, 740 S.W.2d 517, 520 (Tex.App.—Houston [1st Dist.] 1987, pet. pending):

> [T]he erroneous joinder has benefited this appellant because he was acquitted of burglary, a first degree felony, that otherwise could have been tried after the instant case, exposing him to the possibility of a life sentence and to the possibility that the burglary sentence would be cumulated with the sentence in the instant case.

*See* Tex.Code Crim.P.Ann. art. 42.08 (Vernon Supp.1988); *Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex.Crim.App.1982) (op. on reh'g).

Point of error one is overruled.

Appellant's second point of error contends that the trial court committed reversible error in permitting Kevin Trent to testify that appellant pointed a gun at him shortly before the commission of the offense as alleged in the indictment.

During the State's case-in-chief, Kevin Trent, a tenant in the complex, testified that on July 6, 1987 at around 2:00 a.m., he was going to his apartment when he saw appellant upstairs. As Trent approached, appellant kneeled and pointed a gun at him. On appellant's objection, a hearing was conducted outside the jury's presence on the admissibility of the extraneous offense.

Appellant objected due to lack of notice of the State's intention to use the extraneous offense, and because the prejudicial effect of the evidence outweighed its probative value. The trial court sustained the objection and instructed the jury to disregard the testimony, but denied a mistrial.

Appellant later testified that he had been in his apartment sleeping and that he did

not enter Seamster's apartment or point a pistol at her. On cross-examination, he denied being outside of her apartment at 2:00 a.m.

The State recalled Trent to testify on rebuttal, and he again testified that he had seen appellant at 2:00 a.m. near the apartment holding a pistol. Appellant's objections regarding lack of notice and prejudice were overruled.

■ Appellant contends that he was entitled to notice of the extraneous offense, and that the State failed to mention this evidence in response to his pre-trial motion for discovery.

Tex.R.Crim.Evid. 404(b) provides that evidence of "other crimes, wrongs, or acts" may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, "provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce *in the State's case-in-chief* such evidence other than that arising in the same transaction." (Emphasis added.)

We note that the trial court sustained appellant's objection and instructed the jury to disregard Trent's testimony when it was offered during the State's case-in-chief. When appellant later denied being near the apartment, the evidence became admissible for impeachment. The extraneous offense was admissible to rebut appellant's defensive theory of alibi because the offense occurred near the same time and place as the primary offense. Rule 404(b). The error arising from Trent's testimony in the State's case-in-chief was rendered harmless when it later became admissible. *Rubio v. State*, 607 S.W.2d 498, 502 (Tex. Crim.App.1980); *Vessels v. State*, 467 S.W. 2d 259 (Tex.Crim.App.1971). Moreover, the jury was instructed not to consider the testimony as evidence of appellant's guilt, thus reducing the potential prejudice. *Compare Moore v. State*, 700 S.W.2d 193, 201 (Tex.Crim.App.1985), *cert. denied*, 106 S.Ct. 1167 (1986).

■ Appellant also complains that the State failed to notify him of the extraneous offense, pursuant to his pre-trial discovery motion. The State had answered the motion by stating that there were no extraneous offenses.

When a trial court admits evidence wrongfully withheld from discovery, reversal is not automatic. The appellant must still show that he was harmed. *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex.Crim. App.1978). The record reveals that appellant had access to the State's file before trial, giving credence to the State's assertion that the extraneous offense was unknown when the discovery motion was heard. Nothing in the record before us contradicts this assertion. Nevertheless, the State had a duty to inform appellant once it learned that its response to the discovery motion was false. *Id.* at 180. This duty is not excused by the fact that different prosecutors represented the State at the discovery motion and the trial.

We have found no decisions reversing for discovery abuse of this magnitude in criminal cases. Instead, we have found authority affirming where the abuse was great and the harm severe. *See Quinones v. State*, 592 S.W.2d 933 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). In Texas criminal law, reversals for discovery abuse are rare, in contrast to the civil courts, which frequently grant relief for discovery abuse. *See* Tex.R.Civ.P. 166b, 215; *compare Walsh v. Mullane*, 725 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

We note that Tex.R.Crim.Evid. 404(b) requires notice only of those extraneous offenses that are to be introduced in the State's case-in-chief. This extraneous offense was excluded from, and the jury was instructed to disregard it in, the State's case-in-chief, and it was not admitted until after the defense rested. Rule 404(b) does not require notice of the State's intent to use the extraneous offense in rebuttal.

In light of these authorities, we conclude that no reversible error occurred. Point of error two is overruled.

■ In his third point of error, appellant contends that the trial court erred in sub-

mitting the parole charge, pursuant to Tex. Code Crim.P.Ann. art. 37.07 (Vernon Supp. 1988) during the punishment phase. Appellant objected, contending that the instruction violated the separation of powers doctrine.

Article 37.07 is unconstitutional. *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987). Where there is an objection, reversal is required if there is "some" harm to appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

Several courts have found "some" harm where the defendant received a sentence above the minimum. *See Barreda v. State,* No. 13–86–350–CR (Tex.App.—Corpus Christi, Nov. 30, 1987, pet. granted) (not yet reported) (defendant received nine years for sexual assault); *see also Rodriquez v. State,* 745 S.W.2d 572 (Tex.App.—Corpus Christi 1988, pet. pending) (harm found where defendant received 25 years for aggravated robbery); *Hinojosa v. State,* 744 S.W.2d 319 (Tex.App.—Corpus Christi 1988, pet. pending) (harm found where defendant received 45 years and a $10,000 fine for murder); *Diaz v. State,* 742 S.W.2d 851 (Tex.App.—Austin 1987, no pet.) (reversing without "direct evidence" of harm). Here, appellant received a sentence of 10 years out of a possible maximum of 20 years, and a fine of $1,000 out of a possible maximum fine of $10,000.

In the instant case, neither side mentioned the parole charge in jury argument. The charge instructed the jury not to discuss how long appellant would be required to serve, not to consider the manner in which parole law would be applied to appellant, that eligibility for parole does not guarantee that parole will be granted, and that the application of parole and good conduct time statutes to appellant could not be accurately predicted.

The evidence reflected that appellant had received 10 years probation previously for aggravated assault. That probation was revoked for driving while intoxicated.

The State argued for a punishment of 20 years, but the jury assessed half of that, despite having heard of two additional felonies (burglary of a habitation, attempted aggravated sexual assault) and a misdemeanor (reckless conduct) committed by appellant along with the primary offense, and a prior conviction for aggravated assault, revoked for driving while intoxicated.

"It is the appellant's burden under Art. 36.19" to demonstrate "that he suffered *some actual harm* as a result of the error. If he is unable to do so, the error will not result in a reversal of this conviction." *LaPoint v. State,* No. 1110–86, (Tex.Crim. App., May 4, 1988) (not yet reported) (emphasis in original). *LaPoint* is the first case that directly interprets *Almanza* to put the burden on the defendant to show harm. In practice, few appellants will be able to do that. Therefore, placing the burden to demonstrate harm on appellants will usually be fatal to their claim.

We note that *Almanza* was decided in 1985, before the Texas Rules of Appellate Procedure took effect. Although *Rose* was decided after the rules took effect, it established *Almanza* as the standard of appellate review.[1] Insofar as *Almanza* requires the appellant to show harm, it appears to conflict with Tex.R.App.P. 81(b)(2), which provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

We interpret rule 81(b)(2) to put the burden on the State to show that an error was harmless. This seems appropriate where the court, over objection, has applied an

---

1. We note that the "Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases" was adopted on September 22, 1986 by the Court of Criminal Appeals. Its second and third paragraphs attempt to establish when the prior law will apply, and when the new rules will apply, to cases in progress on September 1, 1986. We have found no case interpreting the implementing order.

unconstitutional statute. The issue is important because it will determine the outcome of most cases involving *Rose* error. If the State must show, beyond a reasonable doubt, that *Rose* error was harmless, appellate courts will usually reverse because the State will rarely be able to negate harm "beyond a reasonable doubt."

Although we would hold that rule 81(b)(2) requires the State to prove that the error was harmless, we must follow *Rose, Almanza,* and now *LaPoint.* Appellant had the burden to show "some" harm and has not done so.

Point of error three is overruled.

Appellant's fourth point of error asserts that he was denied effective assistance of counsel. Specifically, he contends that counsel was ineffective: (1) for failing to seek suppression of the complainant's out-of-court identification on the ground that it was the fruit of an unlawful, warrantless arrest; (2) for failing to object when the prosecutor cross-examined appellant at the guilt/innocence stage about being an alcoholic; and (3) for eliciting an opinion from the arresting officer that appellant pretended to have been sleeping when confronted by the police.

To show ineffective counsel, counsel's performance must have been deficient and have prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* standard differs little from the standard under the Texas Constitution. *Hernandez v. State,* 726 S.W.2d 53, 55–56 (Tex.Crim. App.1986). The sufficiency of counsel's assistance must be gauged by a "totality of the representation of the accused." *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim. App.1987).

■ First, appellant contends that his counsel was ineffective because he failed to suppress the complainant's out-of-court identification because it resulted from an unlawful, warrantless arrest.

When the police arrived at appellant's apartment, he agreed to let them search for a pistol. He claimed that he had been at home sleeping and that he did not own a small caliber silver pistol. The police found a .25 caliber semi-automatic loaded pistol between the mattresses of his bed. Appellant denied that the pistol was his. The police arrested him, and when he stepped outside of his apartment, the complainant identified him.

When Officer Bolling testified about the identification, counsel objected that the testimony was hearsay and bolstering. The trial court sustained the objection and ordered the jury to disregard the testimony, but denied a mistrial. Appellant contends that the instruction did not cure the error because the jury had already heard the testimony. We disagree. Even though trial counsel did not object to an illegal arrest, the outcome was the same because the testimony was not admitted. Moreover, the identification was harmless because appellant and complainant knew each other before the offense and had had two face-to-face conversations within the preceding four hours.

■ Second, appellant claims that counsel was deficient for failing to object at the guilt/innocence stage when the prosecutor cross-examined the appellant about being an alcoholic. Appellant contends that this evidence was highly prejudicial because the case involved primarily a credibility choice between the complainant and appellant. However, the lack of objection can be construed as trial strategy because counsel did not challenge the basis for the revocation of his probation (driving while intoxicated), and argued to the jury at punishment that the jury should consider appellant's drinking problem, his status as a Vietnam veteran, his employment as an apartment manager, and the harshness of life in prison, in mitigation of punishment.

■ Third, appellant asserts that counsel was ineffective for eliciting an opinion from the arresting officer that appellant pretended to have just awakened when the officers knocked on his apartment door. Appellant claims this opinion harmed his defensive theory that he had been home sleeping. The State concedes that this was a blunder by appellant's counsel, but an isolated error does not constitute ineffec-

tive assistance of counsel. The right to counsel does not mean errorless counsel or counsel whose competency is to be judged by hindsight. *Ex parte Cruz*, 739 S.W.2d at 58.

Appellant has not established that counsel's performance was below the constitutional minimum or that but for counsel's errors, the result of the proceeding would, in reasonable probability, have been different. Point of error four is overruled.

■ The State urges us to reform the judgment to include the affirmative finding of a deadly weapon. The jury verdict reflects that appellant was found guilty of "aggravated assault with the use of a deadly weapon, namely, a firearm, as charged in the indictment." Tex.Code Crim.P.Ann. art. 42.12, sec. 3g(a)(2) (Vernon Supp.1988) requires that upon an affirmative finding by the jury that a deadly weapon was used, the court *shall* enter the finding in its judgment. The trial court's judgment erroneously omitted this finding, and because this Court has the power to reform and correct a judgment, pursuant to Tex.R.App.P. 80, we hereby reform the judgment to include an affirmative finding of a deadly weapon. *See Rische v. State*, 746 S.W.2d 287 (Tex.App.—Houston [1st Dist.] 1988, pet. pending).

The judgment is affirmed, as reformed.