Ronald K. RISCHE, Appellant,

v.

The STATE of Texas, Appellee.

No. 0423–88.

Court of Criminal Appeals of Texas,
En Banc.

June 22, 1988.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and William J. Delmore, III, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of voluntary manslaughter and the punishment was assessed at twelve (12) years in the Texas Department of Corrections and a $1,000.00 fine. On direct appeal the conviction was affirmed. *Rische v. State,* 746 S.W.2d 287 (Tex.App.—Houston [1st] 1988). Appellant filed a petition for discretionary review in which he contends, inter alia, that the Court of Appeals erred in failing to remand the cause to the trial court for a hearing to allow him to demonstrate how he was harmed by the inclusion of a charge relating to the law of parole pursuant to Art. 37.07, Sec. 4, V.A.C.C.P. In determining whether appellant had been harmed by the inclusion of this charge the Court of Appeals analyzed the harm under the standards announced by this Court in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984).

Recently, however, this Court delivered our opinion in *Rose v. State,* 752 S.W.2d 529 (1988) in which we held that the appropriate vehicle to determine harm in this situation is found in Tex.R.App.Pro. 81(b)(2). Since the Court of Appeals did not have the benefit of this holding when they decided the instant cause, it is this Court's opinion that the cause should be returned to them for such an analysis.

Therefore this cause is remanded to the First Court of Appeals for reconsideration of the harm caused appellant by the inclusion of the complained of charge in a manner consistent with *Rose,* supra; *Haynie v. State,* 751 S.W.2d 878 (Tex.Cr.App.,1988).

ONION, P.J., dissents to remand.

TEAGUE, Judge, dissenting.

Given what the Houston (First) Court of Appeals has already stated in its opinion, which is before us for review, I do not believe that anything except that justice will be delayed in this cause will be accomplished by remanding this cause to the court of appeals. Therefore, I respectfully dissent to remanding this cause to that court. In this instance, THE BUCK SHOULD STOP HERE, and we should not put this cause in heavenly appellate orbit, not because our appellate orbit already has too many cases, but because of what the court of appeals has already stated and held, and I cannot see it doing much more than what it has already done. Given what it has already stated, I certainly do not see it reaching a different conclusion than the one that it has already reached, that the error in giving the parole law instruction was harmless beyond a reasonable doubt.

It is only where the court of appeals has not yet made *any* kind of harmless error analysis concerning error in giving the now declared unconstitutional statutory parole law instruction, see the latest *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988), that it would be proper for this Court to remand the cause to the court of appeals for it to make that analysis and determina-

tion. See, for example, *Haynie v. State,* 751 S.W.2d 878 (Tex.Cr.App.1988).

Implicitly, in making the determination whether the error in giving the unconstitutional statutory parole law instruction was or was not harmless, the court of appeals applied the "Almanza the Terrible", see *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr. App.1985), *egregious* harmless error test, based upon the fact that appellant did not object to the trial court's charge.

The majority opinion correctly points out that the test that is to be used for the kind of error that occurred in this cause is not the "egregious harmless error" test set out in *Almanza,* supra, but, instead, is the test that is set out in Rule 81(b)(2), *Rules of Appellate Procedure,* namely: "If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, *unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment."* (My emphasis.) And this is true whether there was or was not an objection to the charge. Although the two tests have many similarities, and usually the same end result may be reached whichever test is applied, nevertheless, the Rule 81(b)(2) test is the more stringent and rigid test because it requires that the conviction must be reversed or the punishment set aside unless the appellate court can say that the error made no contribution either to the conviction or the punishment beyond a reasonable doubt. I find that it will be the rare case indeed, where Rule 81(b)(2) is applicable, given the wording of the rule, that the error will not call for reversal. Cf. *Rose,* supra.

In this cause, although charged with the offense of murder, the jury found appellant guilty of voluntary manslaughter and also assessed his punishment at 12 years' confinement in the Department of Corrections and a fine of $1,000.

The court of appeals has already made its judgment call in holding that the parole law instruction error was harmless, albeit it did not use the Rule 81(b)(2) test. However, given what it has already stated, it appears to me that what it will do on remand, (at least this is what I would do if I were on the court of appeals), is to add a paragraph to its opinion, stating that it had applied the Rule 81(b)(2) test, and found that the error did not contribute either to the jury's finding of guilt or the jury's assessment of punishment, reaffirm the cause, and federal express the cause back to this court.

Given the fact that the jurors are the only persons who can actually give us the answer to the question, whether the error is harmless, why don't we summon them back to the courtroom and ask them what affect, if any, the erroneous parole law instruction had on their guilt or punishment verdicts? I attempted to point out in the concurring opinion that I filed in *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988), that Rule 606(b), *Rules of Criminal Evidence,* is no bar to inviting the jurors back to the courtroom and informing us what affect, if any, the error such as here might have had on them. The majority did not accept my suggestion, and now, implicitly at least, our law forbids the only persons who can give us the answer from doing just that. Something is obviously rotten with our law when it forbids receiving information that will truly tell us whether the error was harmless.

Given the fact that what appellate courts actually do without their assistance is try to guess what the jurors would have done, or might have done, without the error, I find, as others have, that the harmless-error analysis is perhaps the least useful function an appellate court can perform. See e.g., *United States v. Hasting,* 461 U.S. 499, 516–518, 103 S.Ct. 1974, 1984–1985, 76 L.Ed.2d 96 (1983) (Stevens, J., concurring in the judgment; R. Traynor, *The Riddle of Harmless Error* 80 (1970). If the law requires us to know the jurors' minds before we can reverse someone's conviction, it ought to provide us with a means of asking them, or some other reasonable reliable method for discovering the truth.

The validity of the jury's verdict is at issue in this cause. Should they not be

permitted to defend it, if they can? I think so, but the majority declines to permit them to defend their verdict; it, instead, erroneously remands this cause to the court of appeals to do what it has already done, albeit it is anticipated that it will now use the proper test but will reach the same result it has already reached, that the error was harmless beyond a reasonable doubt.

I dissent to the remand. This time the buck should stop at this Court and not be passed on to the court of appeals.