**Ronald K. RISCHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00671–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1988.

Rehearing Denied Oct. 7, 1988.

Discretionary Review Refused Dec. 21, 1988.

Stanley Schneider, Bob C. Hunt, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, William Delmore, III, Asst. Dist. Atty., for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION ON REMAND

DUGGAN, Justice.

The Court of Criminal Appeals, 755 S.W.2d 477, has remanded this cause for reconsideration of the harm caused appellant by the inclusion of an unconstitutional parole instruction in the trial court's jury charge at the conclusion of the punishment phase. The Court of Criminal Appeals has directed that we conduct our harm analysis in a manner consistent with *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1988) (op. on reh'g).

Following the first decision from the Court of Criminal Appeals holding the pa-

role charge unconstitutional,[1] intermediate courts struggled to apply an appropriate and satisfactory standard of review to the *Rose* problem. According to *Rose I*, this error, like other errors in the court's charge, was to be reviewed under the standard found in *Almanza v. State*, 686 S.W. 2d 157 (Tex.Crim.App.1985).

*Almanza* required a two-tiered harm analysis. If the appellant objected to the parole charge at trial, the error was reversible if the appellant demonstrated that *some* harm resulted from the charge. If the appellant failed to object to the parole charge, the error was reversible only if the appellant demonstrated *egregious* harm.

Results varied widely under this analysis as intermediate courts engaged in necessarily subjective interpretations of the standard of review to be applied in determining the existence of "some" harm. *See, e.g., Herring v. State*, 752 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1988, pet. filed) (appellant received 10 years for aggravated assault; *held:* appellant failed to carry burden to show some harm); *Barreda v. State*, 760 S.W.2d 1 (Tex.App.—Corpus Christi 1987, pet. granted) (appellant received 9 years for sexual assault; *held:* some harm shown); *see also LaPoint v. State*, 750 S.W.2d 180, 191 (Tex.Crim.App.1988) (op. on reh'g) (in charging error under Tex.Code Crim.P.Ann. art. 36.19 (Vernon 1988), and *Almanza*, appellant bears burden of showing that he suffered *some actual harm; held:* no actual harm shown from erroneous instruction of presumed criminal intent where appellant received 11 years and a day for burglary of a building).

Under *Rose II*, and by the court's mandate on remand of this cause, we are directed to discard the *Almanza* analysis and apply the standard of review found in Tex., R.App.P. 81(b)(2). This rule provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the

---

1. *See Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1987), *op. on reh'g*, 752 S.W.2d 529, 552 (Tex.Crim.App.1988). For clarity, the original opinion is referred to as *Rose I*, and the opinion on rehearing is referred to as *Rose II*.

judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.[2]

We have previously noted our opinion that this rule places the burden upon *the State* to show that the error in question was harmless. *Herring*, at 173. Moreover, we have stated that such a burden seems appropriate when the appellant has called the court's attention to the unconstitutional statute at trial by specific and timely objection. *Id.*

However, the Court of Criminal Appeals has held that the unconstitutionality of the parole charge may be attacked on appeal without the predicate of a specific and timely trial objection. *Rose II, op. on reh'g*, at 552–53. We have noted our misgivings about this holding in a separate opinion. *See Gabriel v. State*, 756 S.W.2d 68 (Tex.App.—Houston [1st Dist.] 1988, no pet.) Nonetheless, we are constrained to apply the *Rose II* standard to the unconstitutional parole charge in spite of the fact that the appellant in this case made no specific and timely objection to the unconstitutionality of the charge at trial. *Id.*

Here, appellant was convicted of voluntary manslaughter, for which the prescribed range of punishment is 2 to 20 years and a fine of not more than $10,000. The jury assessed punishment of 12 years imprisonment and a fine of $1,000.

Unlike the trial courts in *Rose II*, and *Gabriel*, the trial court in this case gave only the statutory parole instruction.[3] Here, the only potentially mitigating instruction was that contained in the form charge:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Further, the record shows no heinous facts indicating beyond a reasonable doubt that the parole charge played no part in the jury's assessment of punishment above the minimum allowed by law.

The appellant and the deceased were coworkers and friends. Appellant had an affair with the wife of the deceased, and she asked the deceased for a divorce. The deceased called the appellant and told him he would be coming by appellant's residence to return certain items belonging to appellant. Appellant testified that he feared for his life and placed his pistol on the sofa beside him for protection. When the deceased arrived, he and appellant argued heatedly over the deceased's wife. As a result of this argument, appellant shot the deceased. At trial, appellant strongly argued that the shooting was in self-defense.

The appellant was originally indicted for murder, but the jury convicted only on the lesser offense of voluntary manslaughter.

We cannot say beyond a reasonable doubt that, in light of the circumstances of this case, the jury did not consider the parole charge in deciding to assess punishment in excess of the minimum allowed by law. Thus, we cannot determine beyond a

(Emphasis supplied.)

---

**2.** Tex.R.App.P. 81 provides the standards of review for reversible error in both civil and criminal cases. In sharp contrast to subsection (b)(2)'s requirement of reversal unless the court determines beyond a reasonable doubt that the error made no contribution to the conviction or punishment, subsection (b)(1) provides that, in civil cases,

> *No judgment shall be reversed* ... unless the ... error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment....

**3.** In *Rose II*, the trial court included the following curative instruction:

> You are further instructed that in determining the punishment in this case, you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours.

reasonable doubt that the error made no contribution to the punishment assessed. Under *Rose II* and Tex.R.App.P. 81(b)(2), we are therefore required to reverse the case and remand it to the trial court for a new trial on punishment.

Because we will reverse this cause only on the basis of an error made in the punishment stage of the trial, the court below will be directed to commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Tex.Code Crim.P. art. 37.07 § 2(b) (Vernon 1988). *See* Tex.Code Crim. P. art. 44.29 (Vernon 1988).

The judgment is reversed and the cause remanded for new trial on punishment only.