**Peggy Marie TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–86–00541–CR.

Court of Appeals of Texas, Dallas.

Jan. 10, 1989.

Rehearing Denied Feb. 6, 1989.

Danny D. Burns, Fort Worth, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before WHITHAM, ROWE and HECHT, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

WHITHAM, Justice.

Appellant appeals a conviction for arson. The jury assessed punishment at fifteen years confinement in the Texas Department of Corrections. We affirmed. *Taylor v. State*, 735 S.W.2d 930 (Tex.App.—Dallas 1987) (*Taylor I*). In affirming we held that the parole law instruction mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure was constitutional. In doing so, we erred. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988). Consequently, the Court of Criminal Appeals remanded this cause to this court so that we may conduct a harm analysis of the error pursuant to rule 81(b)(2) of the Texas Rules of Appellate Procedure and decide whether reversible error arose. *Taylor v. State*, No. 1184–87 (Tex.Crim. App., Oct. 19, 1988) (unpublished) (*Taylor II*). *See also Haynie v. State*, 751 S.W.2d 878 (Tex.Crim.App.1988). It is necessary that a harm analysis be made in order to make the determination whether, beyond a reasonable doubt, the error in the charge made no contribution to appellant's conviction or to the punishment that was assessed by the jury in this cause. *Haynie*, 751 S.W.2d at 879. Therefore, the Court of Criminal Appeals vacated this court's judgment and remanded the cause for further proceedings consistent with *Taylor II*. Moreover, in *Taylor II*, the Court of Criminal Appeals overruled all of appellant's remaining grounds for review on petition for discretionary review. Consequently, if our required harm analysis determines that no reversible error arose, then we must affirm the trial court's judgment. On the other hand, if our analysis determines that reversible error arose, then we must reverse the trial court's judgment and remand the cause for a new trial. For the reasons that follow, we conclude that no reversible error arose. Accordingly, we affirm.

■ Rule 81(b)(2) of the Texas Rules of Appellate Procedure provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Thus, we begin our inquiry as to whether, beyond a reasonable doubt, the trial court's error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made no contribution to the conviction or to the punishment. In appellant's fourth, fifth, sixth, seventh, eighth and ninth points of error, appellant contends that the trial court committed reversible error in submitting the challenged instructions during the punishment hearing. Hence, no issue is raised as to whether the error contributed to appellant's conviction. Therefore, we focus on punishment. In doing so, we first note the issue of whether the State or the appellant has the appellate burden under the "unless" clause contained in rule 81(b)(2). In short, does the "unless" clause put the appellate burden on the State to show that an error was harmless or does the "unless" clause put the appellate burden on the appellant to show harm. The issue is important because it will determine the outcome of most cases involving *Rose* error. If the State must show, beyond a reasonable doubt, that *Rose* error was harmless, appellate courts will usually reverse because the State will rarely be able to negate harm "beyond a reasonable doubt." *Herring v. State*, 752 S.W.2d 169, 174 (Tex.App.—Houston [1st Dist.]), *remanded* 758 S.W.2d 283 (Tex.Crim.App.1988). As to this important issue, our sister courts of appeal reach different conclusions. It was up to

the State to show beyond a reasonable doubt that the error was harmless. TEX. R.APP.P. 81(b)(2). *Caraveo v. State,* 752 S.W.2d 18, 19 (Tex.App.—Fort Worth 1988, no pet.). In *Herring,* that court of appeals agreed. "We interpret rule 81(b)(2) to put the burden on the State to show that an error was harmless." *Herring,* 752 S.W.2d at 173. This seems appropriate where the court, over objection, has applied an unconstitutional statute. *Herring,* 752 S.W.2d at 173. Nevertheless, the court in *Herring* reached the opposite result. In doing so, the court in *Herring* considered that it must follow existing decisions of the Court of Criminal Appeals. Thus, *Herring* relied upon *Rose v. State,* 752 S.W.2d 529 (Tex. Crim.App.1987); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g.); and *LaPoint v. State,* 750 S.W. 2d 180 (Tex.Crim.App.1988) (op. on reh'g). *Herring,* 752 S.W.2d at 174. All of which preceded *Rose* on rehearing. *See Rose,* 752 S.W.2d at 552. Therefore, relying on these decisions, the court in *Herring* concluded that "[a]lthough we would hold that rule 81(b)(2) requires the State to prove that the error was harmless, we must follow *Rose, Almanza,* and now *LaPoint.* Appellant had the burden to show 'some' harm and has not done so." *Herring,* 752 S.W.2d at 174. On remand, we await further word from our sister court of appeals as to its disposition of *Herring.* In light of our disposition of the present case, we conclude that we need not determine whether the State or the appellant has the appellate burden under the "unless" clause contained in rule 81(b)(2). We reach this conclusion from the approach to the issue of harm taken by the Court of Criminal Appeals in *Rose* on rehearing. *Rose,* 752 S.W.2d at 552.

In this connection, *Rose* teaches that generally, appellate review of error in criminal cases is conducted in a two-step process. The first step is to determine what, if any, error occurred in the trial. The second step requires us to evaluate the error in order to determine whether it calls for reversal of the conviction. *Rose,* 752 S.W.2d at 553. Having made this observation, and without considering the question of which party has the appellate burden to show harm, the Court of Criminal Appeals proceeded with the second step of evaluating the *Rose* error in order to determine whether the error called for reversal. In doing so, the Court of Criminal Appeals saw two circumstances apparent to them from the record. First, the Court noted the existence of a "curative instruction" in the charge following the *Rose* charge. *Rose,* 752 S.W.2d at 554. Second, the Court observed that the facts of the offense militated in favor of a harsh sentence. *Rose,* 752 S.W.2d at 554. Considering these two circumstances, the Court of Criminal Appeals concluded from its rule 81(b)(2) harm analysis that the statutory parole instruction did not affect appellant's sentence. *Rose,* 752 S.W.2d at 554–55. Hence, the Court of Criminal Appeals, applying the harm analysis of rule 81(b)(2), found beyond a reasonable doubt that the error made no contribution to the punishment assessed. *Rose,* 752 S.W.2d at 555. Therefore, in the present case, we proceed with the second step of evaluating the *Rose* error in order to determine whether the error called for reversal. In doing so, we find the same two circumstances that were persuasive to the Court of Criminal Appeals in *Rose.* In the present case, as in *Rose,* the facts of the offense militate in favor of a harsh sentence. In the present case, as in *Rose,* there is a curative instruction in the charge.

In the present case, the record on its face discloses the length of the punishment assessed, fifteen years confinement in the Texas Department of Corrections. The offense of arson is a felony of the second degree, unless bodily injury or death is suffered by any person by reason of the commission of the offense, in which event it is a felony of the first degree. TEX.PE-NAL CODE ANN. § 28.02(c) (Vernon Supp.1989). An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any

term of not more than ninety-nine years or less than five years. TEX.PENAL CODE ANN. § 12.32(a) (Vernon Supp.1989). In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.00. TEX.PENAL CODE ANN. § 12.32(b) (Vernon Supp.1989). In the present case, four persons died by reason of the commission of the offense: appellant's husband, two of appellant's children and a house guest of appellant and her husband. Thus, appellant stands convicted of a first degree felony for which the range of punishment is life, or for a range of five to ninety-nine years, plus a fine not to exceed $10,000.00. The jury assessed fifteen years for an offense resulting in the death of appellant's husband and two of her three children. The facts of the offense militate in favor of a harsh sentence; yet none was imposed. Instead, in this circumstantial evidence case, the jury assessed appellant virtually the minimum punishment for an offense resulting in the destruction of her family. Consequently, we conclude, beyond a reasonable doubt, that the trial court's error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made no contribution to the punishment that was assessed by the jury in the present case.

In addition, our reading of the trial court's charge persuades us to the conclusion that, beyond a reasonable doubt, the error made no contribution to the punishment. After reading the statutory parole instruction, the trial court also read the jury the following instruction:

> Further you are instructed that you are not to mention, refer to, discuss or consider how long the defendant will be required to remain in confinement to serve the sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas.

We generally presume, although the presumption is rebuttable, that a jury follows the instructions given by the trial court. *Rose*, 752 S.W.2d at 554. While the above-quoted part of the charge in the present case does not end with the words considered significant by the Court of Criminal Appeals in *Rose:* "and are no concern of yours," we do note that the above-quoted language from the charge was the trial court's last word on the subject. *Rose*, 752 S.W.2d at 554. Since, in *Rose*, the Court of Criminal Appeals treated charge language similar to that above quoted as a curative instruction following the statutory parole instruction, we must do so. *Rose*, 752 S.W. 2d at 554. Since in *Rose* the Court of Criminal Appeals considered charge language similar to that above quoted as negating harm in its rule 81(b)(2) harm analysis there made, we must do so in the present case. *Rose*, 752 S.W.2d at 554. We conclude, therefore, that the error was harmless. Consequently, for this additional reason, we conclude, beyond a reasonable doubt, that the trial court error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made no contribution to the punishment that was assessed by the jury in the present case.

We overrule appellant's fourth, fifth, sixth, seventh, eighth and ninth points of error and affirm the trial court's judgment. In doing so, we have not considered the question of which party has the appellate burden under the "unless" clause contained in rule 81(b)(2). Instead, we focused on the same two circumstances that were persuasive to the Court of Criminal Appeals in *Rose* without it reaching the question of which party has the appellate burden under the "unless" clause contained in rule 81(b)(2). We leave that important question to another time and case requiring an answer. Nevertheless, we make the following observations for the benefit of the party ultimately determined to bear the appellate burden under the "unless" clause contained in rule 81(b)(2).

█ "Harm" in the punishment assessed must be a genuine issue. There-

fore, if "harm" in the punishment assessed is of any moment, the laboring party's brief will cite to the record and from the matters referenced construct an argument on which a desired conclusion could be drawn. This court should not be expected to leaf through a voluminous record hoping to find the reversible error urged by appellant or the absence of reversible error urged by the State and then speculate whether it is that part of the record to which a party has reference. *See Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim.App. 1981). Indeed, we shall decline to do so. In short, "harm" or its absence must be presented for review. *See Cook,* 611 S.W. 2d at 87. If the burden be that of the appellant, know that it is not our duty to locate the places in the record where harm is buried. On the other hand, if the burden be that of the State, know that it is not our duty to locate the places in the record negating harm. Other than the two circumstances considered in *Rose* and in the present case, our harm analysis mandated by *Rose* is an analysis based on what the parties tell us; not what we search out ourselves. Thus, if the laboring party fails to meet his or its burden, we shall overrule or sustain, as the case may be, points of error asserting that the trial court's error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made a contribution to the punishment assessed.

AFFIRMED.

HECHT, J., not participating.