IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-251-CR




SAMUEL LEDESMA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0931645, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of attempted capital murder and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for life. Tex. Penal Code Ann.
§§ 15.01(a), 19.03(a)(2) (West 1994). (1) Appellant raises seven points of error in his pro se brief. (2) 
We will affirm.

 The Idlewild Apartments and the Corners Apartments are neighboring apartment
complexes on Galewood Drive in Austin. On the evening of August 17, 1992, Steven Smith
returned to his apartment in the Idlewild complex to find the front door forced open and numerous
items of properly stolen. Appellant's family lived in the Corners and appellant often slept on a
couch in the parking lot between the two buildings. Smith had seen appellant watching his
apartment when he left to go to the grocery store and he believed that appellant was the burglar. 
Later that night, Smith encountered appellant outside his apartment and accused him of the crime. 
Appellant cursed Smith and ran away.

 Smith was awakened before dawn the following morning by a sound outside his
apartment. He saw smoke in the room and flames around the front door. Smith looked out the
window and saw a bag burning beside the door. Appellant was kneeling beside the bag. The fire
spread rapidly and Smith was forced to jump from the balcony of his second-story apartment. 
Smith's apartment was destroyed by the blaze, as was much of the second floor of the Idlewild
Apartments.

 Wanda Jean Squyres lived in the Corners and was appellant's former girlfriend. 
Squyres testified that she had a conversation with appellant in the parking lot between the hours
of 2:00 and 4:00 a.m. on August 18. Appellant told Squyres that "he did not appreciate being
accused of something he did not do and he was going to make Steve pay." Appellant's last words
to Squyres were, "I'm going to kill him. I'm going to torch his apartment." Believing appellant
meant what he said, Squyres walked to a nearby phone and called 911. When she returned to the
parking lot after making the emergency call, Squyres saw flames at the front door of Smith's
apartment.

 The indictment alleged that appellant 


with the specific intent to commit the offense of Capital Murder, did an act which
amounted to more than mere preparation that tended but failed to effect the
commission of the offense intended, namely by setting Steven Smith's habitation
on fire while Steven Smith was inside said habitation and did then and there during
the course of the same criminal episode, use a deadly weapon, to wit: Fire, which
in the manner of its use and intended use is capable of causing death or serious
bodily injury.



In his second point of error appellant urges that there is a fatal variance between the indictment
and the proof in that the State failed to prove that he used fire as a deadly weapon in the
commission of this offense.

 Anything that in the manner of its use or intended use is capable of causing death
or serious bodily injury is a deadly weapon. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). 
Fire can be a deadly weapon in the manner or its use or intended use. Taylor v. State, 735
S.W.2d 930, 948-49 (Tex. App.--Dallas 1987), on remand, 763 S.W.2d 926 (Tex. App.--Dallas
1989), aff'd, 786 S.W.2d 295, 322 (Tex. Crim. App. 1990); see Lozano v. State, 860 S.W.2d
152, 156 n.9 (Tex. App.--Austin 1993, pet. ref'd). 

 Appellant was shown to have deliberately started a fire at the front door of Smith's
apartment at 4:00 a.m., a time when Smith and the other residents of the Idlewild Apartments
would likely be asleep. By the time Smith awoke, smoke was entering his apartment and flames
prevented his escape through the door. The apartment complex sustained significant damage from
the fire, although all occupants were safely evacuated. From this evidence, a jury could rationally
conclude that appellant used fire in a manner capable of causing death or serious bodily injury. 
That Smith was not injured does not render the evidence insufficient. Davidson v. State, 602
S.W.2d 272, 273 (Tex. Crim. App. 1980); Parrish v. State, 647 S.W.2d 8, 11 (Tex.
App.--Houston [14th Dist.] 1982, no pet.). The jury could also infer from appellant's acts, and
from his statements to Squyres just before starting the fire, that appellant intended to kill Smith
when he started the fire. We hold that the evidence is legally sufficient to sustain a finding that
appellant both used and intended to use fire as a deadly weapon in this cause. See Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error two is overruled.

 The judgment recites that the jury found that a deadly weapon was used by
appellant in the commission of the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2)
(West Supp. 1994). In his third point of error, appellant contends this recital is erroneous because
no special issue on the use of a deadly weapon was submitted to the jury. The jury's verdict,
however, found appellant guilty of attempted capital murder "as alleged in the indictment." The
indictment alleged appellant used a deadly weapon in the commission of the offense. Under the
circumstances, the verdict constituted an affirmative finding that a deadly weapon was used. Polk
v. State, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). Point of error three is overruled.

 Appellant's fifth point of error multifariously complains of "prosecutorial errors"
at the guilt stage of trial. First, appellant asserts that the State knowingly used false and
misleading testimony regarding the identification of appellant by witnesses and his flight following
the offense. Appellant also complains that the State improperly sought to adduce extraneous
offense testimony and evidence of appellant's bad character. Because there was no objection to
this testimony, nothing is presented for review. Tex. R. App. P. 52(a). 

 Point of error five also cites numerous instances of alleged improper jury argument. 
Again, no objection was voiced to most of the remarks about which appellant now complains. 
Contrary to the allegations in appellant's brief, the prosecutor did not misstate the law or the
evidence. The remarks about which appellant complains were either reasonable deductions from
the evidence or proper pleas for law enforcement. Point of error five is overruled.

 The sixth point of error alleges that the prosecutor asked the jury to take parole
eligibility into consideration in assessing punishment. The punishment charge included the
statutory instruction on the law of parole and good time. Act of May 3, 1989, 71st Leg., R.S.,
ch. 103, § 1, 1989 Tex. Gen. Laws 442 (Tex. Code Crim. Proc. Ann. art. 37.07, § 4, since
amended). Among other things, this instruction directs the jury not to consider when assessing
punishment the manner in which that law might be applied to the defendant. 

 During his own argument, defense counsel referred to the statutory instruction and
remarked, "That means that if you sentenced him to 25 years that he would serve around eight
years before he is considered for parole." In response, the prosecutor stated, "They tell you about
parole. He talked about parole law. There's no difference between 60 and up higher in terms of
how much time he'll serve. He'll serve 15 years, whether he gets 60, 75, 99, or life, it doesn't
really matter. Anything less than 60, and then it's one-fourth of that time." Appellant did not
object to this argument. If the argument was erroneous under the circumstances, it was not so
manifestly improper as to be incurable by an instruction to disregard. See Cooks v. State, 844
S.W.2d 697, 727-28 (Tex. Crim. App. 1992) (failure to object waives all but incurable errors
during jury argument). Point of error six is overruled.

 Squyres testified that appellant was intoxicated when she spoke with him shortly
before the fire began. Appellant's father, who testified for the defense that appellant was asleep
in his parents' apartment at the time the fire started, acknowledged during cross-examination that
appellant had been drinking on the night in question. In its charge at the guilt stage, the district
instructed the jury, over appellant's objection, that "[v]oluntary intoxication is not a defense to
the commission of a crime." Tex. Penal Code Ann. § 8.04(a) (West 1994). Appellant contends
this instruction constituted an impermissible comment on the weight of the evidence and placed
on him the burden of proving he was not intoxicated.

 If there is evidence from any source that might lead a jury to conclude that the
defendant's voluntary intoxication excuses his actions, or was a causal factor in the commission
of the offense, an instruction pursuant to section 8.04(a) is appropriate at the guilt stage of trial. 
Taylor v. State, No. 816-93, (Tex. Crim. App. Oct. 19, 1994), affirming 856 S.W.2d 459, 470-73
(Tex. App.--Houston [1st Dist.] 1993). In view of the evidence of intoxication in this cause, the
district court did not reversibly err by including an instruction on voluntary intoxication in its
charge at the guilt stage. Valdez v. State, 462 S.W.2d 24, 27 (Tex. Crim. App. 1971); see Jaynes
v. State, 673 S.W.2d 198, 201-02 (Tex. Crim. App. 1984); Evilsizer v. State, 487 S.W.2d 113,
116-17 (Tex. Crim. App. 1972). Point of error seven is overruled.

 Appellant urges in his fourth point of error that the district court's punishment
charge incorrectly instructed the jury on the range of punishment applicable to this cause. The
court told the jury that the punishment range was (1) twenty-five to ninety-nine years or life if
they found both enhancement allegations true, (2) fifteen to ninety-nine years or life if they found
one of the enhancement allegations true, and (3) five to ninety-nine years or life if they found
neither of the enhancement allegations true. Appellant correctly points out that these are the
punishment ranges applicable to a first-degree felony. Tex. Penal Code Ann. §§ 12.32(a),
12.42(c), (d) (West 1994). He also notes, again correctly, that the judgment of conviction recites
that attempted capital murder is a second-degree felony. The error, however, is not in the court's
charge, but in the judgment. Attempted capital murder is a first-degree felony. Penal Code §
15.01(d). We will reform the judgment accordingly. Point of error four is otherwise overruled.

 Appellant contends in point of error one that his defense counsel at trial failed to
conduct a thorough pretrial investigation and, as a result, did not present available defensive
testimony. In support of this allegation, appellant refers to three "affidavits" attached to his brief. (3) 
Briefs are not part of the record on appeal. Tex. R. App. P. 50(a). Documents attached to briefs
are not evidence. Thompson v. State, 612 S.W.2d 925, 928 (Tex. Crim. App. 1981). Appellant's
allegations that counsel failed to adequately investigate this case and failed to call available
witnesses are without support in the record. Point of error one is overruled.

 In his final point of error, appellant complains that he was denied a fair trial
because of the cumulative effect of the errors previously discussed. The concept of cumulative
error has not been accepted by the appellate courts of this State. We find appellant's contention
to be unpersuasive in any event. Point of error eight is overruled.

 The judgment of conviction is reformed to reflect a conviction for a first-degree
felony. As reformed, the judgment is affirmed.



Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Reformed and, as Reformed, Affirmed

Filed: October 26, 1994

Do Not Publish
1. This offense took place before September 1, 1994, and is governed by the law in effect at
the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the penal code provisions applicable to this cause were not
changed in any relevant way by the amendments effective September 1, 1994, the current code
will be cited throughout this opinion for the sake of convenience.
2. After a brief was filed by his appointed attorney, appellant filed a motion to proceed pro se. 
We remanded the cause to the trial court where, after being fully admonished, appellant persisted
in his request that counsel be dismissed. Accordingly, counsel was allowed to withdraw and a
copy of the record was made available to appellant. Hubbard v. State, 739 S.W.2d 341 (Tex.
Crim. App. 1987). 
3. Two of the attached documents are unsigned and all three are unsworn.