Opinion issued May 31, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00482-CR

———————————

Clarence Semere II, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas



Trial Court Case No. 1266797

 



 

MEMORANDUM OPINION

Appellant
Clarence Semere II was convicted of burglary of a habitation.    After finding two prior felony enhancements
to be true, the jury assessed punishment at forty years’ confinement.  In one point of error, appellant argues that
the “trial court erred in excluding mitigation evidence at the punishment stage
of trial.”  We affirm.

BACKGROUND

On May 13, 2010, Jeffrey Meadows
discovered his apartment had been broken into and that electronics, money, and
jewelry were stolen.  Witnesses testified
to seeing appellant carrying electronics through the apartment complex that
same day, and several of the stolen items were found in an apartment leased by Kendreia
Skillern, appellant’s girlfriend.  Appellant
was charged with and convicted for the break-in of Meadows’s apartment.  

A.   Punishment Phase Testimony

At the punishment phase of trial, Skillern
testified that she is now married to appellant, and that he is a loving,
supportive father to their 14-month-old child and to her 6-year-old child from
a previous relationship.  Skillern sees traces of mental health problems in
appellant, based on her experience with her family members diagnosed with bipolar
disorders and schizophrenia.  She
explained that appellant has had trouble securing employment because of his
criminal record, but that he has done what he can to provide for her and the
children.  Finally, Skillern described
appellant as a kind, friendly person who lacked much of a support system from
his family.  On cross-examination, she
acknowledged that appellant had been convicted of assaulting her and of
violating a protective order protecting her. 


Appellant’s mother, Debra Thompson,
testified that her relationship with appellant’s father was very abusive.  She noted that appellant was a lovable child,
who always wanted to be accepted.  She
stated that “[h]e would do things, and he would know the consequences behind it,
but it was signs of mental problems that I should have looked at.”  She remained in a relationship with
appellant’s father for 13 years, during which time he was physically abusive to
her and mentally abusive to her children, including appellant.  Appellant would try to protect Thompson from
his father. 

Thompson explained that appellant was
unable to excel in school, and that he would get in trouble at school and ran
away repeatedly.  She saw that he was
angry, impulsive, and unpredictable, but she never sought medical attention or
counseling because she did not know about such things and was a single mother
just trying to get by raising her kids. 
Appellant was not responsive to her attempts to teach him “about doing
the right thing,” but he had a strong work ethic and always wanted to be
productive.  In her opinion, being a
convicted felon has really hampered his efforts to find and keep a job. 

Thompson attributed to some of appellant’s
problems to her failure to give him what he needed as a child.  She testified that while appellant had
problems when he was younger, he is now trying to settle down to a better life
with his wife and child.  

B.   Objections to Punishment-Phase
Testimony

During Thompson’s punishment-phase testimony,
the court sustained seven objections by the State on various grounds, including
(1) not relevant, (2) not responsive, and (3) asked and answered.  One sustained relevance objection was
directed at a question about Thompson’s work in penitentiary security that
inquired as to her “observations in general about inmates.”  Another questioned whether her other two
children gave her trouble when they were younger.  A third inquired whether, in hindsight,
Thompson would have done something different raising appellant.  These three topics were abandoned after the
relevance objections were sustained.  

The subjects of the other four
sustained objections were (1) the frequency of appellant’s father’s abusiveness
(objection: “relevance and nonresponsive”), (2) the reasons why Thompson did
not seek medical help for appellant’s childhood behavior problems (objection:
“nonresponsive”), (3) appellant’s difficulty in securing employment because of
his criminal record (objection: “asked and answered”), and (4) Thompson’s view
about what “type of person” appellant is. (objection:
“form of the question”).  

Although these objections were
sustained, each topic was discussed elsewhere during Thompson’s testimony
without objection.  

MITIGATION EVIDENCE  

In one issue, appellant argues that
the trial court erred in excluding mitigation evidence at the punishment phase
of trial.  See Tex. Code
Crim. Proc. Ann. art.
37.07 § 3(a)(1) (Vernon Supp. 2011)
(providing that, at punishment stage, “evidence may be offered by the state and
the defendant as to any matter the court deems relevant to sentencing,
including but not limited to the prior criminal record of the defendant, his
general reputation, his character, an opinion regarding his character”).  He emphasizes the importance of mitigation
evidence in punishment and asserts that the evidence of appellant’s abusive
family environment as a child was relevant for the jury’s consideration.  Appellant does not contend that any
particular evidence was excluded; rather, he argues that his “effort to paint
[a] mitigation picture was fragmented . . . because the prosecutor repeatedly
and successfully objected to nonresponsive answers and to relevance” during
Thompson’s testimony.  Specifically, he argues
that many of the topics about appellant’s childhood were “worthy of an
explanation rich in detail” but that counsel’s “effort to provide more detail
was cut off with repetitive objections and adverse rulings.”  He specifically pinpoints the frequency of his
father’s abuse as a topic that was not fully vetted because of the State’s
repeated objections.  Because he was allegedly
harmed by his counsel’s inability to pursue further this and other issues from
his childhood, he seeks a new punishment hearing.  

In response, the State argues that
appellant has presented nothing for this Court’s review because (1) the trial
court did not exclude any mitigation evidence, (2) appellant did not complain to
the trial court that any mitigation evidence was relevant to sentencing and
admissible under article 37.07, and (3) appellant failed to make a record in
the trial court about the allegedly excluded mitigation evidence.  Thus, the State contends, appellant has
failed to demonstrate that the trial court erred.  

APPLICABLE LAW

Regardless of a defendant’s plea or
whether punishment is assessed by the judge or jury, evidence may, as permitted
by the Rules of Evidence, be offered by the State and the defendant as to any
matter the court deems relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07 § 3.  The trial court is thus required to afford a
defendant an opportunity to present evidence regarding punishment after the
defendant has been found guilty. Borders
v. State, 846 S.W.2d 834, 835–36 (Tex. Crim. App.1992).

The trial court is given wide
discretion in evidentiary rulings.  Williams v. State, 535
S.W.2d 637, 639–40
(Tex. Crim. App. 1976).  We review
a trial court’s exclusion of evidence under an abuse of discretion standard of
review.  Harris v. State, 152 S.W.3d 786, 793
9Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  A
trial court has not abused its discretion unless it has acted arbitrarily and
unreasonably, without reference to any guiding rules or principles.  Harwood v. State, 961 S.W.2d 531, 536 (Tex. App.—San Antonio 1997,
no pet.).  To be entitled to a new
sentencing hearing, appellant must show that the trial court denied him the
opportunity to present evidence in mitigation of punishment.  Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim.
App. 1992) (per curiam).  

Generally, any harm in the improper
exclusion of evidence is cured by admission of the same or similar evidence
elsewhere during trial.  Rische v. State, 746 S.W.2d 287, 291 (Tex.
App.—Houston [1st Dist.] 1988) (“Where the same or similar evidence is elicited
from another source, the exclusion of such evidence may be harmless.”), rev’d and remanded on other grounds, 755 S.W.2d 477 (Tex. Crim. App. 1988); Womble v. State, 618 S.W.2d 59, 62 (Tex. Crim.
App. 1981) (“This court has consistently held reversal is not required by
exclusion of evidence where the same testimony was later admitted without
objection.”).  

To preserve error, a defendant is
generally required to make a timely objection in the trial court. Tex. R. App. P. 33.1.  If the substance of excluded evidence is not
apparent from the context, the defendant should make a timely offer of proof on
the record.  Tex. R. Evid. 103(a)(2),(b).

Analysis

Appellant’s brief does not argue
that the trial court erred by sustaining the State’s relevance objections to
the questions about (1) Thompson’s impressions of prison inmates, (2) whether Thompson’s
other children had behavior problems growing up, and (3) whether Thompson would
have done things differently in hindsight. 
Accordingly, although these topics were not explored elsewhere, we need
not analyze whether they were relevant to mitigation.    

Appellant acknowledges that his
abusive childhood was a topic of punishment-phase testimony and that no record
was made in the trial court as to the substance of the additional testimony he
now argues was excluded.  He nonetheless
requests that we find that exclusion occurred and was harmful rather than
leaving any relief to post-conviction habeas proceedings.  

We agree with the State that, as a
threshold matter, appellant has not actually demonstrated that the trial court
excluded any mitigation evidence.  While
appellant focuses in his brief here on the lack of testimony about the
frequency that appellant was abused by his father, the trial court did not
exclude that testimony.  The State did
not object to appellant’s counsel’s inquiry about the frequency of abuse, but
rather objected to Thompson’s answer that was not responsive to that question:

Q.      Was he ever abusive to the children?

A.      Mentally, yes.

Q.      Was he ever abusive to Clarence?

A.      One incident in particular that I can remember, yes.

Q.      Just one time or many?

A.      He was mentally abusive as far as I was concerned. All of the
abuse that he was doing to me affected him.

[State];        Objection, relevance and nonresponsive.

THE COURT:      Sustained. 


Q.      Again, was he abusive to Clarence?

A.      Yes.

Q.      In what way?  

A.      He — if Clarence would try to intervene because
he was being abusive to me, he would go after — towards him to try to
attack him; and I would have to try to keep him away from him.  

Appellant’s counsel never again inquired about the
frequency of abuse.  And appellant never
argued to the trial court that he was not able to adequately develop the childhood
abuse facts underlying his mitigation theory.

Our own review of the record
satisfies us that the subjects of the other three sustained objections—i.e., (1) why Thompson did not seek medical
help for appellant’s childhood behavior problems, (2) appellant’s difficulty in
finding a job with his criminal record, and (3) Thompson’s view about the type
of person appellant is—were fully
explored elsewhere during Thompson’s testimony. 
Appellant does not argue otherwise. 


Because appellant has not demonstrated
that the trial court actually excluded evidence, he cannot demonstrate error or
harm.  We thus overrule appellant’s sole
issue.

CONCLUSION

We affirm the trial court’s judgment. 


 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

Do
not publish.   Tex. R.
App. P. 47.2(b).