Marvin Peter RUBEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 63234.

Court of Criminal Appeals of Texas,
Panel 2.

Feb. 9, 1983.

Rehearing Denied March 9, 1983.

Donald L. Boudreaux, Bobby C. Williams, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and John B. Stevens, Jr., Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

CLINTON, Judge.

Appellant was indicted for the murder of a two year old girl. He was found guilty by a jury that assessed punishment at confinement for thirty years.

In the first ground of error appellant contends the trial court committed reversible error by refusing his request to charge the jury on the issue of specific intent to kill, which he submits is an element of V.T.C.A. Penal Code, § 19.02(a)(1), under which he was indicted. The indictment alleges in pertinent part that appellant did

"... intentionally and knowingly cause the death of Demetriv Elaine Thomas by beating her with his hands and fists and by kicking and stomping her with his feet and by striking her with some instruments and weapons unknown to the Grand Jury and by the use of some means, instruments and weapons to the Grand Jury unknown, ...."

Section 19.02(a)(1), supra states that a person commits an offense if he "intentionally or knowingly causes the death of an individual; ...."

The charge defined "intentionally" and "knowingly" and, using the exact language of the indictment as shown above, authorized conviction if the jury found beyond a reasonable doubt that appellant did "intentionally or knowingly cause the death" of the child. The court refused the following charge requested by appellant:

"Our law provides that to be guilty of Murder a defendant must have acted intentionally in causing the death of a deceased.

Therefore, although you may believe beyond a reasonable doubt that the defendant killed the deceased, yet unless you further find beyond a reasonable doubt that the defendant had at the time the specific intent to kill then you cannot convict the defendant of Murder."

Appellant relies upon *Matheson v. State,* 508 S.W.2d 77, 79 (Tex.Cr.App.1974), a case involving murder of a small child, for the rule that "where death occurs without the use of a deadly weapon and *where there is*

*evidence that there was no intention on the part of the accused to inflict mortal injuries,*[1] the jury must be charged on the element of intent to kill, and the jury must find that intent before it can convict the accused of murder." Matheson testified at trial that he never intended to hurt the child in any way. However, in the present case appellant did not testify, and in his brief he does not point to any place in the record where the defense raised before the jury his lack of intent to kill.[2]

It was not incumbent upon the court to charge the jury on the issue of specific intent to kill when the evidence did not raise the issue. The charge adequately protected appellant's rights by authorizing the murder conviction if he "intentionally or knowingly" committed the alleged offense. *Womble v. State,* 618 S.W.2d 59 (Tex.Cr. App.1981). Ground of error number one is overruled.

Appellant contends in the third ground of error the State failed to prove cause of death and appellant's culpability, and the court should have granted his motion for instructed verdict. This ground is without merit. A physician testified the child died from brain damage due to a fractured skull, an injury occurring within four hours of death. Cause of death was thereby established.

■ Two women, including the child's mother, lived with appellant. On the date of the child's death the women left appellant alone with her at the house around 6:00 a.m. The child was alive at the time. A few minutes later appellant called an ambulance. When it arrived seven to ten minutes after the call the child was not breathing and had no pulse. Appellant told emer-

gency personnel at the scene that the girl had fallen from a stool in the bathroom. Blood was found throughout parts of the bedroom and kitchen but not in the bathroom.[3] Viewing the circumstantial evidence taken as a whole we find it sufficient. *Lindsey v. State,* 501 S.W.2d 647 (Tex.Cr. App.1973). Ground of error number three is overruled.

■ Appellant contends in the fourth ground of error that the court erred in refusing to grant a mistrial after withdrawing from evidence certain bloody clothing due to the State's failure to prove chain of custody. Neither the items nor photographs of them appear in the record. The testimony adduced at trial is not such that it alone establishes prejudice to appellant's case. Since the record is incomplete, nothing is presented for review. *Freeman v. State,* 618 S.W.2d 52 (Tex.Cr.App.1981).

■ Furthermore, at the time the State offered them for admission into evidence defense counsel raised no objection to the items of clothing and objected to the photographs only on the basis that they did not accurately depict colors and stains. A State witness had testified to the contrary. The court rightly overruled that objection and, there being no further objection at that time, properly admitted the clothing and photographs.

■ Bloodstained clothing worn by a victim is admissible if a verbal description of the victim's body and clothing at the scene is admissible. *Haynes v. State,* 627 S.W.2d 710 (Tex.Cr.App.1982); *Heckert v. State,* 612 S.W.2d 549 (Tex.Cr.App.1981); *Bradford v. State,* 608 S.W.2d 918 (Tex.Cr.App. 1980). No error is shown in the initial admission of the clothing and photographs.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Appellant only points to testimony by the mother of the deceased to the effect that she did not believe he murdered the child and to the absence of evidence that he had acted violently toward the child in the past.

3. Before the women left the house the only bloodstains were on bedsheets, resulting from appellant's scratching athlete's foot and scales on his hand.

When questions later arose about the chain of custody of the items the court held a hearing outside the presence of the jury. As a result of that hearing the court withdrew the items and photographs from evidence and instructed the jury to disregard those exhibits and any testimony concerning them.[4] If any error was committed in the admission of said exhibits, the court's action in withdrawing them and instructing the jury made it harmless. *Furtick v. State*, 592 S.W.2d 616 (Tex.Cr.App.1980).

In ground of error number five appellant contends the court erred in overruling his motion to quash the jury panel when it was discovered that some of the panel members had served on a jury in a case earlier in the week in which a different defendant received a thirty year sentence.[5] The only similarity alleged between the two cases is the length of sentence. In *Byers v. State*, 158 Tex.Cr.R. 642, 259 S.W.2d 196 (1953) jurors who had convicted the *same defendant* in an earlier trial for an unrelated but similar offense were not disqualified to serve during his second trial less than a week later involving different witnesses, time and place. No prejudice is shown in the present case, and this ground of error is overruled.

In ground of error number six appellant complains that because the State failed to demonstrate Patsy Ruben freely and voluntarily consented to the search of her home in which appellant also lived the court erred in overruling his motion to suppress evidence seized therein. In a hearing on the matter the State introduced a waiver or consent to search form signed by her. She testified that it was her signature but that she was very upset at the time and did not remember signing it. Contrary to appellant's assertion, she neither denied giving consent nor claimed she was coerced into signing the form. The form recites that she was advised of her right to refuse consent and that she gave permission freely and voluntarily. No suggestion is made that she was then under arrest. Her mere failure to remember signing the form does not even contradict the recital in it that she consented freely and voluntarily. Looking as we must at the totality of the circumstances and the lack of contradictory testimony, we find no error in the trial court's denial of appellant's motion to suppress. *Paulus v. State*, 633 S.W.2d 827 (Tex.Cr.App.1982) (Opinion on State's Motion for Rehearing).

Appellant contends in the seventh ground of error that the court erred in not granting his motion for new trial. He cites the affidavit of one juror indicating that he may have misunderstood the location of some of the blood stains at the scene of the crime. Appellant, citing *Hartman v. State*, 507 S.W.2d 557 (Tex.Cr.App.1974), erroneously likens such a misunderstanding to the reception of new evidence by the jury during deliberation, which would warrant a new trial. However, the affidavit offered by appellant with the motion for new trial showed nothing more than the reasons why the juror reached his conclusion that appellant was guilty.[6] A juror may not impeach or explain the verdict by showing the reasoning or mental process by which he reached his decision. *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr.App.1980). Ground of error number seven is overruled.

4. One piece of clothing, a bloody nightshirt worn by the victim, was subsequently readmitted without objection.

5. Appellant also claims the court violated Article 35.07, V.A.C.C.P. by failing to hold a hearing on the matter, but the record recites otherwise without contradiction therein.

6. The typed affidavit states "I considered the location of the blood stains on the carpet, on the chair legs, the table legs and the walls. The location of these blood stains was the reason that I found the Defendant guilty." To this was added, apparently in affiant's own handprinting, "as well the age of the injuries, and the fact he was alone in the house with the child when it allegedly happened." Blood was found on the kitchen carpet, on two chairs (although not on the legs), and on a plate hanging on a wall.

In ground of error number two appellant complains of the court's affirmative finding that he used and exhibited a deadly weapon in the commission of the offense. The court entered the finding under Article 42.12, § 3f(a)(2), V.A.C.C.P. which states in pertinent part, "Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court."

The jury merely found appellant "GUILTY of the offense of Murder, as alleged in the indictment." The indictment contains no mention of a "deadly" weapon; therefore, the court acted improperly in entering its finding as to the use of a deadly weapon in the absence of such an affirmative finding by the jury, the appropriate trier of fact in this case. *Barecky v. State*, 639 S.W.2d 943 (Tex.Cr.App.1982).

Entry was made upon the judgment after appellant was found guilty and after the jury assessed punishment of thirty years. Because the sentence exceeded ten years neither the court nor the jury had the power to grant probation. The court's finding affects only the time appellant must serve before being eligible for parole under Article 42.12, § 15(b), V.A.C.C.P.; it had no effect on the verdict of guilty, the punishment assessed, or the failure to grant probation.

Under Article 44.24(b), V.A.C.C.P. this Court may reform a judgment as the law and the nature of the case require. Accordingly, the judgment is reformed and corrected by deleting therefrom the following:

"And the Court made an affirmative finding that the[y] Defendant used or exhibited a deadly weapon, to-wit: hands or fists or feet, or by some means, instruments or weapons to the Grand Jury unknown,"

as said words appear in each of two paragraphs in said judgment.

As reformed, the judgment is affirmed.