OPINION
NYE, Chief Justice.
This is an appeal from a conviction by a jury for the offense of aggravated assault. The jury assessed punishment at nine and one-half years’ imprisonment. The sufficiency of the evidence to support the conviction is not challenged.
Appellant brings two grounds of error. By his first, appellant contends that his conviction should be reversed because the trial court erred in making an affirmative finding in the judgment and sentence that the appellant used or exhibited a deadly weapon during the commission of the offense. The State concedes the trial court’s action was improper, but argues that this is not reversible error and requests that the judgment and sentence be reformed, and, as reformed, that it be affirmed. We agree that the judgment needs to be reformed.
The judgment and sentence of which appellant complains contains an affirmative designation that a deadly weapon was used or exhibited during the commission of the offense. The indictment by which appellant was convicted did not allege that he used or exhibited a deadly weapon. It alleged only that appellant caused serious bodily injury to his victim “by stabbing him with a knife.” The jury found appellant “guilty of [ajggravated [ajssault as alleged in the indictment.”
A recent Court of Criminal Appeals decision is dispositive of this issue. Polk v. State, 693 S.W.2d 391 (Tex.Crim.App.1985), held that, where the jury determines the defendant’s guilt and punishment, the jury is the proper fact finder to determine whether the defendant used or exhibited a deadly weapon. Id, at 394; see also Ruben v. State, 645 S.W.2d 794, 798 (Tex.Crim.App.1983); Barecky v. State, 639 S.W.2d 943, 944 (Tex.Crim.App.1982); Gamble v. *501 State, 681 S.W.2d 769, 772 (Tex.App.—Houston [14th Dist.] 1984, pet. granted).
In Polk, the Court enumerated three ways that an affirmative finding of use of a deadly weapon may be reached: (1) when it is alleged in the indictment that a deadly weapon was used; (2) when a jury answers affirmatively to a special issue regarding the defendant’s use of a deadly weapon; or (3) when the weapon pled in the indictment is a deadly weapon per se. 693 S.W.2d at 396. Here, the affirmative finding regarding appellant’s use of a deadly weapon was not found as a result of any of these approved methods, but was found independently by the trial court.
The trial court’s entry of this improper finding in the judgment and sentence does not require a reversal of the conviction, however. The Court in Polk, 695 S.W.2d at 396, stated that in instances where a trial court improperly makes such a finding, the proper remedy is a reformation of the judgment to delete the improper finding rather than a reversal, citing Barecky, 639 S.W.2d at 945. See also Ruben v. State, 645 S.W.2d at 798; Gamble v. State, 681 S.W.2d at 772; TEX.CRIM. PROC.CODE ANN. art. 44.24(b) (Vernon Supp.1986).
The improper finding by the trial court was entered after appellant was found guilty and after the jury assessed punishment. It did not affect the verdict, punishment, or failure to grant probation. The appellant was not eligible for probation. He did not file an application for probation, and the record reveals that he had two prior felony convictions. Therefore, such a finding by the trial court could only affect appellant’s early release on parole. TEX. CRIM.PROC.CODE ANN. art. 42.12, Section 15(b) (Vernon 1983). We therefore sustain appellant’s first ground of error and hold that the law and the nature of the case require that the judgment and sentence be corrected to provide that “NO” deadly weapon was used or exhibited during the commission of the underlying offense. It is so ordered.
By his second ground of error, appellant asserts the trial court’s charge to the jury was fundamentally defective in that the culpable mental state was expressed dis-junctively while the indictment alleged the culpable mental state conjunctively. The trial court’s printed charge on reasonable doubt stated that appellant committed the offense “intentionally and knowingly,” however, the word “and” was scratched out and the word “or” was substituted in its place. In his brief, appellant’s counsel claims the reason he did not object to the charge was because the trial court made this change after the charge had been presented to him. Appellant contends “[t]he scratching out of the word ‘and’ constitutes a deliberate act of the [t]rial [cjourt to deprive the [a]ppellant of a fair trial.”
The indictment by which appellant was convicted stated that, “Phillip Perez ... did then and there unlawfully, intentionally and knowingly cause serious bodily injury to Juan Soto by stabbing him with a knife.” Appellant was convicted under TEX.PENAL CODE, Section 22.02(a)(1) (Vernon 1983), which provides that, “[a] person commits an offense if the person commits an assault as defined in Section 22.01 of this Code and the person: (1) causes serious bodily injury to another, including the person’s spouse_” TEX.PENAL CODE ANN., Section 22.01(a)(1) (Vernon 1983) provides that “[a] person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse” (emphasis added). The statute expresses the three culpable mental states disjunctively, therefore, proof of any one of the three is sufficient to support a conviction.
It is not fundamental error if the indictment alleges a crime was committed “intentionally and knowingly” while the charge submitted to the jury expresses that it was committed “intentionally or knowingly.” Archie v. State, 615 S.W.2d 762, 766 (Tex.Crim.App.1981); Hammett v. State, 578 S.W.2d 699, 713 (Tex.Crim.App. *502 1979); Mott v. State, 543 S.W.2d 623, 626 (Tex.Crim.App.1976); Moreno v. State, 541 S.W.2d 170, 173 (Tex.Crim.App.1976); Garcia v. State, 634 S.W.2d 888, 889 (Tex.App.-San Antonio 1982, no pet.). Even assuming appellant made a specific objection to the disjunctive expression of the culpable mental state in the trial court’s charge and the trial court overruled the objection, such an expression in the disjunctive is still not reversible error. Cowan v. State, 562 S.W.2d 236, 240 (Tex.Crim.App.1978). See also Ely v. State, 582 S.W.2d 416, 420 (Tex.Crim.App.1979); Hammett, 578 S.W.2d at 713; Daniels v. State, 652 S.W.2d 614, 615 (Tex.App.—Dallas 1983, no pet.); Grissom v. State, 625 S.W.2d 424, 426 (Tex.App.—Fort Worth 1981, pet. ref’d); Fox v. State, 693 S.W.2d 593, 600 (Tex.App.—San Antonio 1985, no pet.). The trial court’s charge did not allow a conviction on a theory not alleged in the indictment or not authorized by statute. Appellant could not have been harmed in this regard.
Appellant cites Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App.1984) in support of his argument that this action by the trial court was egregious error which deprived him of a fair and impartial trial. Almanza does not support appellant’s argument. That case pertained to the conjunctive/disjunctive change in matters regarding aggravation or jurisdiction, not culpable mental state. Hilton v. State, 659 S.W.2d 154, 158 (Tex.App.—Fort Worth 1983, pet. ref’d). Appellant’s second ground of error is overruled.
The judgment of the trial court is reformed and, as reformed, is AFFIRMED.