PD-0429-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/15/2015 9:16:56 AM
Accepted 10/15/2015 12:32:58 PM
ABEL ACOSTA
CLERK

**CAUSE NO. PD-0429-15**

---

# IN THE COURT OF CRIMINAL APPEALS

# OF TEXAS

---

**FRANCISCO DURAN,**
**Petitioner**

**v.**

**STATE OF TEXAS,**
**Respondent.**

---

**On Discretionary Review from the Court of Appeals**
**for the Thirteenth District of Texas**
**Court of Appeals Cause Number 13-12-00344-CR**

---

**STATE'S APPELLATE BRIEF**

---

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
**Consuelito Martínez**
**Associate Attorney**
964 East Harrison Street
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     State's response to Petitioner's first ground for review. . . . . . . . . . . . . . . . . 4

          Sub-issue 1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          Sub-issue 1(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          Sub-issue 1(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          Sub-issue 1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**Cases**

*Asberry v. State*,
　　813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd). . . . . . . . . . . . . . . . 7

*Ball v. United States*,
　　470 U.S. 856 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Banks v. State*,
　　708 S.W.2d 460 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Blount v. State*,
　　257 S.W.3d 712 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . 8, 10, 12

*Brooks v. State*,
　　847 S.W.2d 247 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duran v. State*,
　　No. 13-12-00344-CR, 2013 WL 3378327
　　(Tex. App.--Corpus Christi July 3, 2013, pet. granted). . . . . . . . . . . . . . 2, 12

*Ellison v. State*,
　　425 S.W.3d 637 (Tex. App.--Houston [14th Dist.] 2014, no pet.). . . . . . . . 13

*Ex Parte Grettenberg*,
　　790 S.W.2d 613 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Herring v. State*,
　　752 S.W.2d 169 (Tex. App.--Houston [1st Dist.] 1988),
　　*remanded on other grounds*, 758 S.W.2d 283 (Tex. Crim. App. 1988). . . . 7

*Landers v. State*,
　　957 S.W.2d 558 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Polk v. State*,
   693 S.W.2d 391 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Roy v. State*,
   76 S.W.3d 87 (Tex. App.--Houston [14th Dist.] 2002, no pet.).. . . . . . . . . 13

*Ruben v. State*,
   645 S.W.2d 794 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . . . . . . . . . 10, 12

**Statutes**

Tex. Penal Code § 12.42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Penal Code § 22.02(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Penal Code § 30.02(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Penal Code § 30.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Rules**

Tex. R. App. P. 38.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 43.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**CAUSE NO. PD-0429-15**

**———————————————————**

**IN THE COURT OF CRIMINAL APPEALS**

**OF TEXAS**

**———————————————————**

**FRANCISCO DURAN,**
**Petitioner**

**v.**

**STATE OF TEXAS,**
**Respondent**

**———————————————————**

**STATE'S APPELLATE BRIEF**

**———————————————————**

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

**COMES NOW**, Respondent, the **STATE OF TEXAS**, by and through the

Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to

Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief

in the above-styled and -numbered cause of action, and in support thereof, would

show this Honorable Court as follows:

**STATEMENT OF THE FACTS**

The Petitioner was indicted, in a multi-count indictment, with the offenses of: count one - Burglary of a Habitation (while committing or attempting to commit the underlying felony of Aggravated Assault), a first degree felony, Tex. Penal Code § 30.02; count two - Aggravated Assault with a deadly weapon; and, to both of these counts was added an enhancement count alleging a prior conviction. (C.R. p. 15). The Petitioner was found Guilty of both Count I, Burglary of a Habitation Committing Aggravated Assault, and Count II, Aggravated Assault with a Deadly Weapon. (C.R. pp. 78-79). Prior to proceeding to punishment by the same jury, the State abandoned Count II, due to Double Jeopardy concerns regarding punishment. The jury found the allegation in the enhancement count to be true and sentenced Petitioner to 25 years confinement on Count I. (R.R. Vol. 5, p. 57). Thereafter, Petitioner sought review of his conviction and the Court of Appeals affirmed, but modified the trial court's judgment. The Court of Appeals held that the judgment of the trial court should be "modified to reflect that the State abandoned Count II before the punishment phase and affirmatively states that punishment was assessed only on Count I." *Duran v. State*, No. 13-12-00344-CR, 2013 WL 3378327, at *1 (Tex. App.-- Corpus Christi July 3, 2013, pet. granted July 1, 2015). Additionally, the Court of

Appeals concluded that the Defendant's conviction by the jury of Burglary of a Habitation with the underlying offense of Aggravated Assault sufficiently supported the trial court's judgment that a deadly weapon had been used. The Court of Appeals deleted the "special issue" language from the original trial court decision. This language was removed in order to reflect that the deadly weapon finding entered by the jury resulted from the Defendant having been found guilty as charged in the indictment.

## SUMMARY OF ARGUMENT

This Court has granted review on Petitioner's first ground, only, which contains four sub-issues. In the first sub-issue, Petitioner complains that the Court of Appeals erred in modifying the trial court's judgment, such that a second degree felony burglary offense was subsequently "modified" to a first degree Burglary of a Habitation. The State responds by asserting that said modification did not occur and that Petitioner was properly punished for the burglary as a first degree felony. In his second sub-issue, Petitioner complains that the Court of Appeals erred in modifying the trial court's judgment by eliminating the words "special issue" in the deadly weapon finding. The State responds by asserting that the Court of Appeals did not err in its modification of the original judgment by removing the

"special issue" from the deadly weapon language. In sub-issues 1(c) and 1(d), Petitioner complains that the Court of Appeals erred by failing to vacate the jeopardy-barred conviction from the trial court's original judgment, and as a consequence he alleges he suffered a violation of his Fifth Amendment protection against Double Jeopardy. The State responds that such a violation has not taken place.

## ARGUMENT AND AUTHORITIES

*State's Response to Petitioner's First Ground for Review*

In his Petition for Discretionary Review, Petitioner states his first Ground for Review as follows:

1. The Court of Appeals erred in affirming and modifying the judgment of conviction and in particular:

   a. by modifying the jury's conviction from a second degree felony of burglary to a first degree felony burglary by retaining an indictment count of aggravated assault with a deadly weapon that was abandoned by the prosecution;

   b. by modifying the judgment to delete the words "Special Issue" in the deadly weapon finding so that the State's abandonment of Count II became a legal shoe that fit their modification(s);

   c. by failing to vacate the double jeopardy barred conviction(s) as requested and agreed between defense

counsel and the State Appellate Counsel, to wit, the aggravated assault with a deadly weapon;

d.    by failing to recognize the plain error of petitioner being deprived of a fair trial in violation of the Fifth Amendment's double jeopardy clause.

This Honorable Court granted review on this first ground only. Petitioner's brief in support of his p.d.r., restates this ground for review and then argues issues which appear to be beyond the scope of this ground for review, which include attacking the actions of the trial court in modifying the judgment herein, and arguing that his sentence was illegal. For this reason, the State will confine its responsive brief to the ground listed in the petition for discretionary review, and will ignore the arguments in Petitioner's Brief which exceed the scope of the review granted.

*Sub-issue 1(a)*

In sub-issue 1(a), Petitioner argues that the Court of Appeals erred in affirming and modifying the judgment of conviction by modifying the jury's conviction from a second degree felony of burglary to a first degree felony burglary by retaining an indictment count of aggravated assault with a deadly weapon that was abandoned by the prosecution. In response to sub-issue 1(a), the State would note that Petitioner was charged in Count I of the indictment as

follows:

> Francisco Duran, Jr… did then and there intentionally or knows lying enter a habitation, without the effective consent of Gonzalo Gonzalez, the owner thereof, and attempted to commit or committed the felony offense of Aggravated Assault.

(C.R. 15). The offense in count I, therefore, as charged, is a *first degree* felony under section 30.02(d) of the Penal Code, because it alleges that the premises are a habitation, and further, it alleges that Petitioner entered the habitation and he committed or attempted to commit a felony other than felony theft, *i.e.*, aggravated assault. *See* Tex. Penal Code § 30.02(d). The State's abandonment of Count II had no effect on the allegations of Count I.

Nevertheless, even if this Court were to determine that the State's abandonment of the Aggravated Assault charge in Count II would have somehow affected the allegations in Count I and would have reduced the burglary count from a first degree felony to a second degree felony, the State responds by asserting that the indictment also contained an enhancement count, which the jury found to be true. (R.R. Vol. 5, p. 57). Therefore, even if Petitioner is correct in his argument that the allegation in Count I was a second degree felony (a point which the State vehemently denies), the burglary was nevertheless correctly punished as a first degree because of the enhancement count. *See* Tex. Penal Code

§ 12.42.

*Sub-issue 1(b)*

In sub-issue 1(b), Petitioner complains that the Court of Appeal erred by modifying the judgment to delete the words "Special Issue" in the deadly weapon finding so that the State's abandonment of Count II became a legal shoe that fit their modification(s). In response to issue 1(b), the State responds by noting that an appellate court has authority to "modify the trial court's judgment and affirm it as modified." *See* Tex. R. App. P. 43.2(b). "Appellate Courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment." *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.--Dallas 1991, pet. ref'd); *see also Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986) (cumulated sentences). Moreover, judgments have been reformed to include a jury's affirmative finding of the use of a deadly weapon. *Herring v. State*, 752 S.W.2d 169, 175 (Tex. App.--Houston [1st Dist.] 1988), *remanded on other grounds*, 758 S.W.2d 283 (Tex. Crim. App. 1988). Additionally, "the failure of the trial court to make the necessary entry as to an affirmative finding is not an error of judicial reasoning 'but rather an error of a clerical nature.'" *Asberry*, 813 S.W.2d at 530. As such the appellate court, in this case, was well within its authority to modify the lower court's judgment under the rules of Texas Appellate

Procedure 43.2(b), and did not err as the Petitioner asserts.

Further, the State would show that, the modification of the judgment herein by the Court of Appeals was necessary to reflect the jury's finding of a deadly weapon. Based on the language in the indictment, Petitioner had notice that the State would seek an affirmative finding of a Deadly Weapon. This Court stated in *Blount v. State*:

> Aggravated assault may be committed in only two ways: (1) by "caus [ing] serious bodily injury" or (2) by "us[ing] or exhibit[ing] a deadly weapon during the commission of the assault." Tex. Penal Code § 22.02(a). Each of these involves the use of a deadly weapon. The first way necessarily implies the use of a deadly weapon, which is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*., § 1.07(a)(17)(B). The second way specifies the use of a deadly weapon. Therefore an allegation that a defendant committed aggravated assault gives him notice that the deadly nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an affirmative finding on the use of the weapon.

*Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008). Count II of the indictment herein clearly states that the underlying felony alleged, was Aggravated Assault. The evidence presented to the jury was of a single criminal episode, wherein the jury found Defendant guilty under Count II (aggravated assault with a deadly weapon), and Count I (burglary of a habitation-with the underlying felony being the identical aggravated assault). Therefore, the Petitioner had notice of the

State's intent to seek an affirmative finding of a deadly weapon as to both counts.

In *Ex parte Grettenberg*, 790 S.W.2d 613 (Tex. Crim. App. 1990), this Court confronted an analogous situation. In that case, the defendant was charged with two crimes under a single indictment: the first count charged Grettenberg with burglary of a habitation with the intent to commit aggravated assault, and the second count charged him with attempted capital murder and alleged use of a deadly weapon. Both counts arose from the same criminal episode; however, only the second count specifically alleged use of a deadly weapon. The State ultimately abandoned the second count, and the defendant was convicted of burglary with intent to commit aggravated assault. In addition, the jury found that a deadly weapon had been used during the crime. This Court held that the original indictment gave the defendant adequate notice that the State would seek an affirmative finding of use or exhibition of a deadly weapon, even though that part of the indictment had been voluntarily abandoned by the State. As this Court stated, "when the theories of prosecution contained in the counts are so interrelated as under the facts of this case, the election by the State to pursue one of the counts in preference to the other will not vitiate the notice given in the indictment in its original form." *Id*. at 614; *see also Brooks v. State*, 847 S.W.2d 247, 248-49 (Tex. Crim. App. 1993).

The jury in the present case heard evidence of the deadly weapon and found Petitioner guilty of burglary of a habitation (with the underlying felony being aggravated assault) in count I and of aggravated assault with a deadly weapon in count II. In both instances that jury found the Petitioner guilty "as charged in the indictment." (C.R. pp. 78-79). Therefore, under this Court's decisions in *Blount* and *Polk*, the language of the indictment specifically placed the issue before the trier of fact, and an affirmative finding was *de facto* made when the Petitioner was found guilty "as charged in the indictment." *See Blount*, 257 S.W.3d at 714 (holding that an allegation that a defendant committed aggravated assault necessarily includes an allegation of a deadly weapon, upon which the State may seek an affirmative finding on the use of the weapon); *see also Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) (*citing Ruben v. State*, 645 S.W.2d 794 (Tex. Crim. App. 1983)) (holding that when an allegation specifically places the deadly weapon issue before the trier of fact, then an affirmative finding is *de facto* made when the defendant is found guilty "as charged in the indictment").

Further, because the deadly weapon allegation was contained in the indictment, the matter was left for the jury to decide. Where an indictment leaves the issue before the jury, then an affirmative finding is automatically made when the jury finds the defendant guilty as charged in the indictment. *See Polk*, 693

S.W.2d at 394 (holding that when an affirmative finding is made by the trier of fact, it then becomes the mandatory duty of the trial court to enter a separate and specific deadly weapon finding in the judgment).

Accordingly, the modification of the judgment herein by the Court of Appeals was both proper, under the law and the facts herein, and authorized under the Rules of Appellate Procedure.

*Sub-issue 1(c)*

In sub-issue 1(c), Petitioner complains that the Court of Appeals erred by failing to vacate the double jeopardy barred conviction(s) as requested and agreed between defense counsel and the State Appellate Counsel, to wit, the aggravated assault with a deadly weapon. In response to issue 1(c), the State responds by noting that the Court of Appeals herein did modify the judgment herein to reflect that the State did abandon Count II, the charge of aggravated assault with a deadly weapon. Specifically, the opinion of the Court of Appeals states:

> We conclude that the judgment should be modified to reflect that the State abandoned Count II before the punishment phase and to affirmatively state that punishment was assessed only on Count I.
>
> * * * * *
>
> We modify the judgment...to reflect that the State abandoned Count II before the punishment phase and to reflect that punishment was assessed only on Count I... . We affirm the judgment as modified.

*Duran*, 2013 WL 3378327 at *4, *10. Accordingly, the prohibition against multiple punishments for a single offense has not been violated.

For further response, if any need there be, the State notes that in its brief to the Court of Appeals, the State did suggest that vacating the second count from the judgment would be appropriate.[1] Therefore, should this Court deem it necessary, the State does not oppose a further correction of the trial court's judgment, to vacate the conviction as to count II herein.

*Sub-issue 1(d)*

In sub-issue 1(d), Petitioner complains that the Court of Appeals erred by failing to recognize the plain error of petitioner being deprived of a fair trial in violation of the Fifth Amendment's double jeopardy clause. In response to sub-issue 1(d), the State responds by noting that a defendant is not deprived a fair trial merely by being prosecuted for two offenses that are the same for double jeopardy

---

[1] The State further noted in its brief on direct appeal that, while the trial court's judgment should not reflect the Petitioner's conviction for aggravated assault, the jury's finding that Petitioner used or exhibited a deadly weapon is nevertheless proper (State's Brief on direct appeal, pp. 32-34). The State now re-urges this position, as noted above, and asserts that even should this Court amend the judgment herein by vacating the conviction for aggravated assault, the facts and applicable law nevertheless supports the affirmance of the jury's deadly weapon finding. *See Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (holding that an allegation that a defendant committed aggravated assault necessarily includes an allegation of a deadly weapon, upon which the State may seek an affirmative finding on the use of the weapon); *see also Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) (*citing Ruben v. State*, 645 S.W.2d 794 (Tex. Crim. App. 1983)) (holding that when an allegation specifically places the deadly weapon issue before the trier of fact, then an affirmative finding is *de facto* made when the defendant is found guilty "as charged in the indictment").

purposes; rather, when a defendant's Fifth Amendment is violated his or her sole remedy is to retain the conviction with the most serious punishment and vacate any remaining convictions that are the same for double jeopardy purposes. *Ball v. United States*, 470 U.S. 856, 864 (1985); *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997). A successful double jeopardy challenge will not require a retrial or remand to the trial court. *Ellison v. State*, 425 S.W.3d 637, 643 (Tex. App.--Houston [14th Dist.] 2014, no pet.) (*citing Roy v. State*, 76 S.W.3d 87, 94 (Tex. App.--Houston [14th Dist.] 2002, no pet.). Accordingly, the sole remedy which Petitioner is entitled to, is to have his conviction for Count II vacated.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Petitioner's ground for review, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869


By:   */s/ René B. González*

**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us
**Consuelito Martínez**
Associate Attorney
Temporary State Bar No. 24095835
consuelito.martinez@co.cameron.tx.us

**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 3,051 words (excluding the cover, table of contents and table of authorities). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's appellate Brief was served upon Mr. Joseph Moreno, Attorney at Law, 23409 El Paso Drive, Harlingen, Texas 78552, j_moreno_02@yahoo.com on the 15th day of October, 2015.

*/s/ René B. González*
René B. González